UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CHARLES JENKINS**                                                                 **CIVIL ACTION**

**VERSUS**                                                                                      **NO. 22-37**

**VA MEDICAL CENTER, ET AL.**                                          **SECTION: "M"(5)**

**REPORT AND RECOMMENDATION**

Before the Court are Defendant's Motion to Dismiss (Rec. doc. 13) filed by TriWest Healthcare Alliance ("TWHA"), the Motion for Leave from the Court to Present Amended Complaint (Rec. doc. 14) filed by Plaintiff, and the Motion to Dismiss (Rec. doc. 15) filed by Defendant University Healthcare System ("UHS").  The District Court referred the two motions to dismiss to this Court under 28 U.S.C. § 636 on March 15, 2022.  (Rec. doc. 16).[1] Jenkins filed an opposition to the motions to dismiss.  (Rec. doc. 19).[2]  Having reviewed the pleadings and the case law, the Court recommends as follows.

**I.      Factual Background**

Jenkins, a Louisiana resident and Veteran, filed this lawsuit *pro se* on January 9, 2022 against the VA Medical Center ("the VA"), TWHA, UHS, and three individual doctors ("the Doctors") who Jenkins alleges were or are providers at UHS.  (Rec. doc. 1).  Jenkins alleges subject matter jurisdiction under 28 U.S.C. § 1331, specifically, alleging jurisdiction under the Federal Tort Claims Act.  (*Id.* at 4.).  The complaint appears to allege "medical malpractice" that arose out of medical treatment that he received at UHS by the Doctors.  (*Id.*

---

[1] Even though Plaintiff's motion to amend is before this Court by reference pursuant to the local rules of this Court, the Court issues only a Report and Recommendation on all three motions.

[2] TWHA also filed a reply, but the Clerk of Court marked it deficient for failure to file a motion for leave to file the reply in accordance with the local rules of this Court.

at p. 3.) Jenkins concludes in his complaint that "[e]ach defendant engaged and/or participated in un-necessary surgical-negligence." (*Id.* at p. 5.). Specifically, Jenkins alleges that "the surgeon did not have clearance to perform. The surgeon was experimenting." (*Id.*). Jenkins alleges that this medical negligence occurred in 2016, and that he has experienced "incontinence for the past 5 years." (*Id.*). Jenkins seeks $2,000,000 in damages from each Defendant, totaling $12 million. (*Id.*).

## II.     Standard for a Motion to Dismiss Under Rule 12(b)(1)

The Court first considers subject-matter jurisdiction. "Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (501 Cir.2001). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists. *Id.* "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.*

## III.    Law and Analysis

The Federal Tort Claims Act ("FTCA") permits individuals to sue the United States based on torts committed by its employees. 28 U.S.C. 2671 *et. seq.* The FTCA constitutes a "limited waiver of sovereign immunity, making the Federal Government liable to the same

extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976); 28 U.S.C. §§ 1346(b), 2674, 2679(b)(1).  The FTCA is the exclusive remedy for an injury caused by "the negligence or wrongful act or omission of any employee of the Government while acting within the scope of his office." *Osborn v. Haley*, 549 U.S. 225, 247 (2007).  A party who seeks to file suit under the FTCA should obtain certification by the United States Attorney that a federal employee acted within the course and scope of employment at the time of the relevant incident, and the action will then be deemed against the United States, which "shall be substituted as the party defendant."  28 U.S.C. § 2679(d)(1).  A proper FTCA claim should accordingly be brought against the United States.  28 U.S.C. § 2679(d)(1).  The allegedly negligent federal employee is thus immune from any such tort action.  *Osborn*, 549 U.S. at 247; *Rodriguez v. Sarabyn*, 129 F.3d 760 (5th Cir. 1997).

Additionally, as a prerequisite to filing suit, a person must present any claim administratively before filing suit.  28 U.S.C. § 2875.  Under the FTCA, a lawsuit cannot be initiated against the United States unless the claimant first presents the claim to the appropriate federal agency.  *Life Partners Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011) (citing 28 U.S.C. § 2675(a)).  Specifically,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing.

28 U.S.C. § 2675(a).  The FTCA has strict requirements because it is a limited waiver of immunity, and it can only be based on the negligence of a federal employee and requires a person to first exhaust administrative remedies.  28 U.S.C. § 2675(a).

Having reviewed the complaint, the Court finds that Jenkins alleges no facts to establish federal-question jurisdiction under the FTCA.  Even had Jenkins alleged that one or more of the defendants is or was a federal employee – which he did not –  his complaint still fails to plead federal question jurisdiction because he alleges no facts to show that he exhausted administrative remedies, which is fatal to his lawsuit.  *See Coleman v. United States*, 912 F.3d 824, 834 (5th Cir. 2019) (holding that exhaustion is "a jurisdictional prerequisite for FTCA claims that cannot be waived.") (citing *McNeil v. United States*, 508 U.S. 106, 109-13 (1993) (affirming dismissal for lack of jurisdiction where the FTCA complainant had not satisfied administrative exhaustion requirements before filing the complaint)).  Jenkins has thus not met his burden to establish that this Court has federal subject matter jurisdiction of his lawsuit.

Jenkins only alleges federal question jurisdiction under the FTCA.  (Rec. doc. 1 at p. 4).  TWHA is the only Defendant to raise the issue of federal subject matter jurisdiction under the FTCA.  Indeed, neither the VA nor the Doctors has yet to appear in this lawsuit.  Not all Defendants in this case have thus moved to dismiss the complaint.  However, because the Court concludes that the complaint is deficiently pleaded as a matter of law for lack of subject matter jurisdiction and because the claims against all Defendants are premised on identical allegations, dismissal of Plaintiff's claims regarding each Defendant is appropriate.  *See Taylor v. Acxiom Corp.*, 612 F.3d 325, 339-40 (5th Cir. 2010) ("While the district court did

dismiss *sua sponte* some defendants who did not join the motion to dismiss, there is no prejudice to the plaintiffs in affirming the judgment in its entirety because the plaintiffs make the same allegations against all defendants."); *Siddhar v. Varadharajan*, No. CIV. A. 4:13-CV-1933, 2014 WL 2815498, at *5 (S.D. Tex. June 20, 2014) (same); *Reeves v. Nelnet Loan Servs.*, No. 4:17-CV-3726, 2018 WL 2200112, at *6 (S.D. Tex. May 14, 2018) (same).[3]

Plaintiff's amended complaint does not cure this jurisdictional deficiency. In that pleading, Plaintiff still references the FTCA and 28 U.S.C. § 1331 as the basis for subject matter jurisdiction. (Rec. doc. 14-2 at p. 6). Accordingly, any grant of Plaintiff's motion to amend would be an exercise in futility, as he has still not alleged that he has exhausted his administrative remedies.

## IV. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss (Rec. doc. 13) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Motion for Leave from the Court to Present Amended Complaint (Rec. doc. 14) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the Motion to Dismiss (Rec. doc. 15) be **DISMISSED WITHOUT PREJUDICE AS MOOT**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against all Defendants be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

---

[3] As noted above, Jenkins alleges globally that "[e]ach defendant engaged and/or participated in un-necessary surgical-negligence." (Rec. doc. 1 at p. 5).

**NOTICE OF RIGHT TO OBJECT**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this __27th__ day of __April__, 2022.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[4] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.