UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES JENKINS                                                    CIVIL ACTION

VERSUS                                                             NO. 22-37

VA MEDICAL CENTER, *et al.*                                        SECTION M (5)

# ORDER

Before the Court is plaintiff's second objection to the United States Magistrate Judge's Report and Recommendation ("R&R"),[1] to which defendant TriWest Healthcare Alliance Corp. ("TriWest") responds in opposition.[2] Having considered the parties' arguments, the record, and the applicable law, the Court overrules plaintiff's second objection.

On January 9, 2022, plaintiff Charles Jenkins filed this action alleging claims arising under the Federal Tort Claims Act ("FTCA") and asserting federal question subject-matter jurisdiction under 28 U.S.C. § 1331.[3] TriWest filed a motion to dismiss arguing, among other things, that this Court lacked subject-matter jurisdiction under the FTCA because Jenkins failed to exhaust his administrative remedies.[4] On April 28, 2022, the magistrate judge issued an R&R recommending that Jenkins's case be dismissed without prejudice because Jenkins did not meet his burden of establishing subject-matter jurisdiction.[5] On May 9, 2022, Jenkins objected to the R&R, arguing that he exhausted his administrative remedies as required by the FTCA by filing a "Standard form 95" within the two-year statute of limitations.[6] Because Jenkins provided no details regarding the

---

[1] R. Doc. 30.
[2] R. Doc. 31.
[3] R. Doc. 1. *See also* 28 U.S.C. § 1346.
[4] R. Doc. 13. Defendant University Health System, L.C. also filed a motion to dismiss (R. Doc. 15), which was dismissed as moot. *See* R. Docs. 25; 28.
[5] R. Doc. 25.
[6] R. Doc. 27.

"Standard form 95" in either his complaint or objection, this Court adopted the R&R and dismissed the case without prejudice for lack of subject-matter jurisdiction.[7]  Judgment was entered and the case was closed on May 12, 2022.[8]

On June 2, 2022, Jenkins filed a second objection to the R&R reasserting that he filed a "Standard form 95."[9]  There is no provision in the Federal Rules of Civil Procedure or under 28 U.S.C. § 636 for out-of-time objections to an R&R, especially when the Court has already ruled on a previous (and substantively similar) objection.  Even if the Court liberally construes Jenkins's second objection as a post-judgment motion under either Rule 59 or 60 of the Federal Rules of Civil Procedure, Jenkins has not satisfied the standard for the relief he seeks.  In particular, he still has not attached a copy of the "Standard form 95" he says he filed with the appropriate federal agency (which he now says was the VA Medical Center), nor provided other essential details about any such filing (*e.g.*, the date on which it was filed or the disposition of the alleged filing), and so has provided no basis for this Court to revisit its opinion or judgment.

New Orleans, Louisiana, this 21st day of June, 2022.

                                                    BARRY W. ASHE
                                                    UNITED STATES DISTRICT JUDGE

---

[7] R. Doc. 28.
[8] R. Doc. 29.
[9] R. Doc. 30.